Green, J.
delivered the opinion of the court.
This is an action' of debt, against Frey, as executor of Marcellus Jordan, deceased, upon a -writing obligatory for #1204. The defendant pleaded ne unques executor; upon Which there was issue. At a subsequent term, the defendant applied for leave to plead non est factum; which the court permitted iÉm to do, whereupon the defendant pleaded, that’ the said Marcellus Jordan, did not in his lifetime execute the said writing obligatory declared on. To this plea the plaintiff replied, that the defendant had no right to file the plea of non est factum, while the plea of ne unques executor stands; because the two pleas are repugnant. To this replication the defendant demurred, and the demurrer was sustained by the court, *
On the trial, the jury found for the defendant, upon the plea of non est factum. The bill of exceptions shows, that on the trial, the plaintiff produced a deed of release from Nicholson Langford, a son of the plaintiff’s testator, to himself, of all the interest he had to any portion of the proceeds of the writing sued on; and thereupon the said N. Langford was examined as a witness. It appeared in the progress of the examination of N. Langford, that he was under twenty-one years of age, whereupon 4he defendant objected to his. testimony, as incompetent, on the ground that the release executed by the witness was void; the court sustained the objection and admitted the evidence; to which the plaintiff excepted. The plaintiff moved . for a new trial, which was refused by the court, from which judgment this appeal is prosecuted.
1. The plaintiff’s attorney now insists, that the defendant ought not to have been permitted to file the plea of non est factum. By the act of 1794, ch. 1, sec. 26, the defendant in any action, may plead as many several.matters, -as may be *445 necessary for his defence.” And by the act of 1809, ch. 49, sec. 21, the courts are authorized to permit the pleadings to be amended from time to time, upon such terms as in their discretion and by their rules they may prescribe. . It would be very difficult for this court to say, in any case, when the circuit court may have allowed an amendment, that its discretion had not been legally exercised; but in this case, the affidavit of the defendant, presented sufficient reasons wherefore the plea of non est factum had not been offered at an earlier stage of the proceedings. But it is said that the defendant was an executor of his own wrong, and therefore ought not to be allowed to plead any matters in defence, other, than he is not executor. In 1 Williams on Executors, 155-6, it is laid down, that an executor of his own wrong, may plead any defence to the action, which a rightful executor could plead, except a retainer to satisfy his own debt. He may plead ne ungues executor, and also plena administravit, and although on the former issue he may be unsuccessful, he may have a verdict on the latter.
2. It is insisted, that Nicholson Langford, although a son and legatee of the plaintiff’s testator, was rendered a competent witness by the release he executed to the plaintiff. A legatee or distributee, is certainly not a competent witness in an action affecting the estate, without a release. 1 Greenl. Ev., sec. 392. Nor will the release of a residuary legatee of the debt, render him competent for the executor, in an action against the debtor; for he is still interested in supporting the action, in order to release the estate from the costs. 1 Greenl. Ev., p. 461, note 1. By the will of his father, Nicholson Langford, is to share equally with his brothers' and sisters of the residuum of the estate; he would plainly there-« fore, be interested, notwithstanding his release, in supporting the action, in order to relieve the estate from the charge of *446 costs, but for the fact that, he also, releases so «¡much of his share of the residue of his father’s estate, as may be equal to the diminution of his distributive share of said estate, that may be occasioned by the costs of the suit having to be paid out of the estate.
But this latter release passes no interest to the executor, and cannot therefore render the party making it competent. But if the question of the competency of this witness, depends upon the validity of his release, he being an infant at the time, the same result will follow. All the discussions that we have examined upon the question, what acts of an infant are void, and what are voidable only, have failed in stating with precision any certain criterion by which to determine.
The rule adopted by this court in the case of Wheaton vs. East, 5 Yerg. R. we are disposed to adhere to, viz: where an infant’s contracts are manifestly for his benefit, as for necessaries, they are binding upon him; when they are injurious, they are void; and when of uncertain character, they are voidable only, at his election. It was upon the application of this rule, in the case of Richmond vs. McMinn, 6 Yerg. R., that this court declared a negotiable note, executed by an infant to be void. The deeds of an infant, are generally, voidable only, because it does not appear that the contract is disadvantageous to him. But a release by an infant of his legacy, or distributive share, can hardly be otherwise than injurious to him, and therefore void.
It is true, if the release were voidable only, the party might be a witness, because at that period he would not be interested, although he might the next day after a recovery had been obtained, by means of his evidence, avoid the deed, and claim all the benefits of such recovery, as if there had been no release. And if he should intend to avoid his release, he would testify under all the pressure of interest which would have been felt, if there had been no release.
*447 It is easy to perceive, that by permitting infants to release tbeir interests and become witnesses, great temptations would exist to induce them to make releases, which would be intended to answer the temporary purpose of making them competent witnesses — bat which would be .avoided, so soon as that purpose had been accomplished. Upon the whole, we deem it safest and most consonant with principle, to hold, that such release is absolutely void.
There is, therefore, no error in this record, and we affirm the judgment.